1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| SAMSUNG ELECTRONIC CO., LTD., a Korean corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware corporation, | CASE NO. 13-CV-3105-BEN (DHB) |
| | **ORDER:** |
| | **(1) GRANTING MOTION TO DELAY PRELIMINARY INJUNCTION HEARING** |
| Plaintiffs, | |
| vs. | **(2) EXTENDING TEMPORARY RESTRAINING ORDER** |
| | **(3) DIRECTING ADDITIONAL BRIEFING** |
| EARLY BIRD SAVINGS, a company operating from China; SHENZHEN OKELER SCIENCE & TECHNOLOGY CO., LTD., a company operating in China, | [Docket No. 15] |
| Defendants. | |

21
22
23
24
25
26
27
28

Before this Court is a Motion to Delay the Preliminary Injunction Hearing and Extend the Existing Temporary Restraining Order or For Preliminary Injunction filed by Plaintiffs Samsung Electronic Co. Ltd. and Samsung Telecommunications America, LLC (collectively, "Samsung"). (Docket No. 15). For the reasons stated below this Court **GRANTS** the Motion to Delay and **GRANTS IN PART** the Motion to Extend the Temporary Restraining Order. The Motion for Preliminary Injunction is therefore **DENIED** without prejudice at this time.

///

**BACKGROUND**

1        This Court issued a Temporary Restraining Order (TRO) on January 7, 2014.
2  On January 21, 2014, this Court set a preliminary injunction hearing on January 28,
3  2014 and found good cause to extend the TRO until that date. (Docket No. 13).

4        Samsung filed the instant motion to delay on January 24, 2014. Samsung states
5  that Defendants, who are Chinese corporations, have not yet been formally served.
6  Peter Colosi, counsel for Samsung, has submitted a declaration relating Samsung's
7  efforts to serve Defendants. (Colosi Decl.) Samsung has begun the formal process of
8  serving Defendants under the Hague Convention, but counsel states that he has been
9  advised that this process is likely to take four to five months. (*Id.* at ¶ 1). Once
10 Samsung has provided translated documents to the Chinese government, the speed with
11 which Defendants are served is largely in the hands of that government and various
12 components of China's Ministry of Justice and court system. (*See id.*)

13       Counsel for Samsung informs this Court that his firm has been in contact with
14 individuals connected to Defendants, and have made them aware of the relevant court
15 documents and the preliminary injunction hearing date. Counsel spoke to an attorney
16 in Los Angeles, Qiang Djornbak, who claimed to represent Defendants, but who stated
17 that she was not authorized to accept service of documents or to appear in any capacity
18 representing Defendants in litigation. (*Id*. at ¶¶ 7-9). Ms. Djornbak has informed
19 Samsung's counsel that she could only negotiate regarding the asset freeze. (*Id.* at ¶ 7).
20 Counsel states that the firm has e-mailed copies of relevant case documents to
21 Defendants' known e-mail addresses, and to Ms. Djornbak. (*Id.* ¶ 11). Ms. Djornbak
22 asked Samsung's counsel not to send her litigation documents and told counsel to find
23 alternative ways to communicate with Defendants. (*Id.* ¶ 12). She stated that she is
24 not engaged to represent any party in the case, would "pass the word around" regarding
25 settlement plans, but "Otherwise, I am out. You directly deal with defendants." (*Id.*;
26 Colosi Decl. Ex. J). It is apparent to this Court that Samsung is making a good faith
27 effort to communicate information to Defendants and to properly serve them.

**DISCUSSION**

**I. Extension of the Temporary Restraining Order**

As a general rule, a court is authorized to issue a temporary restraining order lasting no longer than 14 days, and can extend the TRO for a like period for good cause.  FED. R. CIV. P. 65.  Rule 65(b)(3) requires that a court set a preliminary injunction hearing at the earliest possible time where a TRO was issued without notice.  FED. R. CIV. P. 65(b)(3).  This Court is aware that temporary injunctive relief  has serious consequences, and that it is imperative to allow Defendants to address this Court as soon as possible to ensure that continued injunctive relief is proper.  In the overwhelming number of situations, it is possible for a plaintiff to serve the defendant and for the parties to argue the motion for preliminary injunction, within 28 days.  The short duration of the typical TRO ensures that extraordinary relief will not persist for long without a full hearing.  However, there are special circumstances in the case at hand.

Where a plaintiff is unable to promptly serve a foreign defendant because the only proper means of serving defendants available to plaintiff cannot be completed within the usual deadlines, a court may extend the TRO until proper service can be completed.  In *H.D. Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827 (7th Cir. 2012), the Seventh Circuit affirmed a district court's decision to extend a TRO beyond 28 days in similar circumstances.  In *H.D. Michigan*, the district court extended the TRO until the defendants could be served with process under the Hague Convention, and issued a second extension while the parties prepared for the preliminary injunction hearing.  *Id.* at 832.  The *H.D. Michigan* defendants had actual notice of the hearing, but chose not participate and refused service.  The Seventh Circuit found that when a TRO is extended beyond the 28-day limit without the consent of the enjoined party, "it becomes in effect a preliminary injunction that is appealable, but the order remains effective."  *Id.* at 844 (citations omitted).

If a TRO were not permitted to remain in effect until a defendant is served under

13cv3105

1   the Hague Conventions, "Rule 65 would be inoperable against foreign defendants."

2   *Almetals, Inc. v. Wickeder Westfalenstahl, GMBH*, No. 08-10109, 2008 WL 624067,

3   at \*4 (E.D. Mich., Mar. 6, 2008).  Given the length of time that it can take to serve a

4   foreign defendant, placing a 28-day maximum on the TRO in these circumstances

5   would effectively defeat injunctive relief because Defendants could simply wait for the

6   TRO to dissolve.  *See id.*  This does not appear to be the result intended by the Federal

7   Rules of Civil Procedure.  *See id.*  Furthermore, if a TRO could not be extended in this

8   narrow situation, it would reward defendants who are able to evade proper service and

9   undermine the authority of the courts.

10         This Court finds that an extension of the TRO is required by the interests of

11   justice.  Defendants cannot evade this Court's authority to grant injunctive relief in an

12   appropriate situation by refusing service until the normal deadline has expired.  This

13   is especially true given that Defendants may now have actual notice of the proceedings,

14   and Samsung is making a good faith effort to formally serve Defendants.  Dissolution

15   of the TRO is particularly improper here, where the dissolution would defeat the

16   purposes of the Order.  Defendants would be able to remove their assets from this

17   jurisdiction and prevent this Court from awarding equitable relief.  Samsung has

18   demonstrated that the likelihood of such actions by Defendants is substantial enough

19   to justify this Court's continuing order to freeze assets.

20   **II. A Temporary Restraining Order is Appropriate**

21         Samsung was required to establish that 1) it is likely to succeed on the merits;

22   2) it is likely to suffer irreparable harm in the absence of preliminary relief; 3) the

23   balance of equities favor Samsung; and 4) an injunction is in the public interest.  *See*

24   *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 19 (2008).  The four factors are

25   to be balanced, and if a threshold showing is made for each, "serious questions" going

26   to the merits and a balance of hardships that leans sharply toward the plaintiff can

27   support the issuance of an injunction.  *Alliance for the Wild Rockies v. Cottrell*, 632

28   F.3d 1127, 1135 (9th Cir. 2011).

This Court has carefully reviewed the filings in this case, and finds that the findings that initially justified the issuance of a TRO are still valid and are sufficient to justify the extension of the TRO until such time as this Court is able to hear argument on a preliminary injunction.

Samsung has demonstrated a likelihood of success on the merits. To prevail on trademark infringement claims under the Lanham Act, a plaintiff must demonstrate that it has a protectible ownership interest in the mark, and that a defendant's use of the mark is likely to create consumer confusion. *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1144 (9th Cir. 2011). Samsung has produced evidence that it has a protectible ownership interest in the "Samsung marks," which have been recorded with the U.S. Patent and Trademark Office and which Samsung has used for many years. Samsung has also provided significant evidence that consumers are likely to be confused, as it has presented this Court with sworn declarations and photographic evidence to support its claim that Defendants sell counterfeit goods which are nearly identical to Samsung products and which bear near-identical Samsung marks. It has also presented evidence that consumers have mistaken Defendants' products for Samsung products.

Samsung has also demonstrated that it is likely to suffer irreparable harm unless preliminary injunctive relief is issued. Samsung argues that it has invested considerable time and money in developing its products, and its investment is jeopardized by the accused products. Samsung has argued that the sale of these products harms their business reputation, sales, and goodwill, and that the sale of counterfeit and infringing products hurts their ability to control the quality and safety of goods bearing their mark. Samsung has produced evidence that consumers have complained about Defendants' products, which they believe are Samsung products.

Samsung has demonstrated that the balancing of harms favors maintenance of the TRO. Defendants would only be prevented from engaging in an activity which is likely to constitute infringement and allows them to profit at the expense of Samsung

13cv3105

1   and the public. *See Shell Offshore, Inc. v. Greenpeace, Inc.*, 864 F. Supp. 2d 839, 851

2   (D. Alaska 2012) ("To the extent that the competing interests of Greenpeace USA are

3   illegal or tortious activities, the balance of equities undoubtedly tips to Shell"); *see also*

4   *DISH Network LLC v. DelVecchio*, 831 F. Supp. 2d 595, 601-02 (W.D.N.Y. 2011).

5       Samsung has also argued that an injunction would be in the public's interest.

6   Given the showing on the merits, it would benefit the public to continue cessation of

7   sales of goods likely to cause consumer confusion. If the allegations are untrue, the

8   public will only have temporarily lost an opportunity to purchase from Defendants.

9       Samsung has made the necessary showing on all four factors. After balancing

10  the factors, this Court finds that the TRO is proper and should be extended.

## CONCLUSION

12      This Court therefore **GRANTS** the Motion to Delay and Motion to Extend the

13  TRO. The TRO is **EXTENDED** until <u>May 26, 2014</u>. If Samsung wishes this Court

14  to order an additional extension of the TRO, it must file a motion to extend the TRO.

15  In its motion, Samsung must update the Court on its efforts to serve Defendants.

16      Samsung is **ORDERED** to inform this Court when Samsung has been able to

17  serve Defendants. Such notice must be filed as soon as possible, and no later than the

18  <u>next court day</u> after Samsung learns Defendants have been served. At that time, the

19  Court will schedule a prompt status conference to determine how quickly Defendants

20  can prepare to argue a preliminary injunction.

21      As this Court will not consider a motion for preliminary injunction without

22  giving Defendants an opportunity to respond, the Motion for Preliminary Injunction

23  is **DENIED** without prejudice at this time. In order to expedite consideration of this

24  matter, Samsung is **ORDERED** to file its Motion for Preliminary Injunction within

25  <u>two days</u> of receiving notice that Defendants have been served. If this Court has not

26  yet set a preliminary injunction hearing date, Samsung is **EXCUSED** from the

27  requirement that parties state the hearing date and time on the motion. Samsung should

28  clearly state that it is doing so pursuant to this Order.

1    Samsung is **ORDERED** to submit additional briefing to this Court regarding the

2   amount of assets which are frozen pursuant to the Temporary Restraining Order.  If

3   appropriate, this Court will modify the TRO to change the amount of the bond.  If

4   Samsung wishes to recommend an adjustment to the size of the bond, it may do so in

5   its briefing.   The additional briefing is to be submitted to the Court no later than

6   **February 14, 2014**.

7    **IT IS SO ORDERED**.

8

9   DATED:  January 27, 2014

10

11   Hon. Roger T. Benitez
    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28