FILED

14 OCT -2 AM 11: 09

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMSUNG ELECTRONIC CO., LTD., a Korean corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware corporation,<br><br>                              Plaintiffs,<br><br>     vs.<br><br><br>EARLY BIRD SAVINGS, a company operating from China; SHENZHEN OKELER SCIENCE & TECHNOLOGY CO., LTD., a company operating in China,<br><br>                              Defendants. | CASE NO. 13-CV-3105-BEN (DHB)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION REQUESTING COURT TO FIND DEFENDANTS PROPERLY SERVED**<br><br>**(2) GRANTING MOTION TO EXTEND THE TEMPORARY RESTRAINING ORDER**<br><br>[Docket No. 23] |

Before this Court is a Motion Requesting Court to Find Defendants Properly Served and to Extend the Temporary Restraining Order filed by Plaintiffs Samsung Electronic Co., Ltd. and Samsung Telecommunications America, LLC (collectively, "Samsung"). (Docket No. 23). For the reasons stated below this Court **DENIES** the Motion Requesting Court to Find Defendants Properly Served and **GRANTS** the Motion to Extend the Temporary Restraining Order.

## BACKGROUND

This Court issued a Temporary Restraining Order (TRO) on January 7, 2014.

On January 21, 2014, this Court set a preliminary injunction hearing on January 28, 2014 and found good cause to extend the TRO until that date. (Docket No. 13). On January 24, 2014, Samsung asked this Court to extend the existing TRO, as Samsung had not been able to effect service of the Complaint and related papers. (Docket No. 15). On January 27, 2014, this Court extended the TRO until May 26, 2014. (Docket No. 17). On May 23, 2014, this Court again extended the TRO until October 6, 2014 because Samsung still had not been able to effect service on Defendants in China. (Docket No. 21). This Court informed Samsung that if further extension is necessary, Samsung must file a motion to extend the TRO no later than September 29, 2014. (*Id.* at 3). Samsung filed the instant Motion on September 16, 2014.

Samsung has been engaged in the process of formally serving Defendants, who are Chinese corporations, under the Hague Convention. Samsung moves this Court to deem that service was completed on June 9, 2014 on the grounds that service was attempted by the Chinese Central Authority ("CCA") on that date. (Mot. at 2-3). Additionally, if this Court deems service on Defendants completed, Samsung moves to extend the TRO on the grounds that the TRO is set to expire before Samsung will have time to file a motion for default judgment. (Mot. at 5-6). If this Court does not deem service completed, Samsung moves to extend the existing TRO until such time that this Court enters a final disposition on the matter. (*Id.*).

According to the Motion and supporting documentation, Samsung received notice on September 15, 2014 that the CCA had attempted service on Defendants. (Mot. 2; Ingalls Decl.). Celeste Ingalls, employee for Samsung's processing agency, Crowe Foreign Services, has submitted a declaration in support of Samsung's motion, providing information on Samsung's efforts to serve Defendants. (Ingalls Decl.). According to Ingalls, the CCA returned two certificates that were dated June 9, 2014. The certificates stated that "the document has not been served" because the Defendants "refused to accept the document." (Mot. 3; Ingalls Decl. Exs. A & B). After receiving the certificates, Ms. Ingalls contacted the CCA for an explanation of the attempted

13cv3105

1    service.  (Mot. 3).  The CCA responded to Ingalls by letter saying, it is not their
2    practice, when attempting service from a foreign jurisdiction, to leave the documents
3    with the party to be served if the party refuses to accept them.  (Mot. 3; Ingalls Decl.
4    ¶ 2).  The response explains that the CCA assumes that their efforts are sufficient, and
5    states that it is for the "foreign judge to decide the effect of service."  (Mot. 3; Ingalls
6    Decl. ¶ 2).  It is solely upon this letter from the CCA that Samsung bases the instant
7    Motion.

8                                    **DISCUSSION**

9    **I. Motion Requesting Court to Find Defendants Properly Served**

10          Federal Rule of Civil Procedure 4(h)(2) authorizes service on a foreign
11   corporation outside of the United States "in any manner prescribed by Rule 4(f) for
12   serving an individual, except personal delivery under (f)(2)(C)(I)."  Rule 4(f)(1)
13   authorizes service by means prescribed in the Hague Convention on the Service Abroad
14   of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15,
15   1965, 20 U.S.T. 361, 658 U.N.T.S. 163 [hereinafter Hague Convention].

16          The Hague Convention applies in all civil cases where a party must transmit a
17   judicial document for service abroad, and requires member states to establish a central
18   authority to receive requests for service.  Hague Convention, art. 1-2.  "Once a central
19   authority receives a request in the proper form, it must serve the documents by a
20   method *prescribed by the internal law of the receiving state* or by a method designated
21   by the requester and compatible with that law."  *Volkswagenwerk Aktiengesellschaft*
22   *v. Schlunk*, 486 U.S. 694, 699 (1988) (emphasis added) (citing Hague Convention, art.
23   5).  The central authority will then issue a certificate of service that designates whether
24   or not service was completed.  Hague Convention, art. 6.  "Both China and the United
25   States are parties to the Hague Convention."  *Herman Miller Inc. v. Alphaville Design*
26   *Inc.*, No. C 08-03437 WHA, 2009 WL 3429739, at *5 (N.D. Cal. Oct. 22, 2009); *see*
27   *also* The Hague Conference on Private International Law website, "Status Table of the
28   Service Convention," www.hcch.net (last visited Sept. 22, 2014).

1    Under the Hague Convention, a court shall not issue a default judgment unless
2    "(a) the document was served by method prescribed by the internal law of the State
3    addressed for the service of documents in domestic actions upon persons who are
4    within its territory, or (b) the document was actually delivered to the defendant . . . ."
5    Hague Convention, art. 15, ¶ 1.

6    Samsung has not effected formal service on Defendants. The text of the Hague
7    Convention establishes that service must be effected in accordance with the law of the
8    State in which the defendant is to be served. Here, the CCA did not effect service
9    according to Chinese law. This is evidenced by the CCA's return of certificates
10    indicating that service was not complete.

11    The CCA may effectuate service by choosing one of two methods. Hague
12    Convention, art. 5. First, the CCA shall serve documents "(a) by a method prescribed
13    by its internal law for the service of documents in domestic actions upon persons who
14    are within its territory . . . ." *Id.* Second, the CCA shall serve documents "(b) by a
15    particular method requested by the applicant, unless such a method is incompatible
16    with the law of the State addressed." *Id.* Samsung did not specify by which method
17    it asserts that it fulfilled the service requirements of the Hague Convention. However,
18    after reviewing the two methods available, this Court finds that the second method is
19    inapplicable in this instance because Samsung did not provide delivery instructions to
20    the CCA. It seems Samsung asks this Court to disregard the CCA's conclusion that
21    service was not complete. Instead, Samsung suggests that the fact that the CCA
22    returned the certificates at all is sufficient to show that the attempted service is actually
23    completed service.

24    The first method requires service to be effected according to internal law. The
25    Civil Procedure Law of the People's Republic of China, Part 1, Chapter 7, Section 2,
26    Article 79 governs service where the recipient refuses to accept the documents. Article
27    79 states:

28         If the person on whom the litigation documents are to be served or
         the adult family member living with him refuses to receive the documents,

the person serving the documents shall ask representatives from the relevant grass-roots organization or the unit to which the person on whom the documents are to be served belongs to appear on the scene, explain the situation to them, and record on the receipt the reasons of the refusal and the date of it. After the person serving the documents and the witnesses have affixed their signatures or seals to the receipt, *the documents shall be left at the place where the person on whom they are to be served lives and the service shall be deemed completed.*

Wei Luo, *The Civil Procedure Law and Court Rules of the People's Republic of China* 62 (2006) (emphasis added). Clearly, where the person to be served refuses the documents, Chinese law indicates the proper procedure is to make a note of the refusal and leave the documents with the refusing person. That is not what happened here.

The CCA returned a certificate for each Defendant noting that "the document has not been served" because the Defendants "refused to accept the documents." The CCA also indicated that the officer serving the documents did not leave the documents with Defendants; rather, the officer sent the documents back to the CCA office because the "officer respects the decision made by the recipient to accept the papers or not . . . ." Plaintiff urges this Court to consider the letter sent from the CCA to Ms. Ingalls as authority for this Court to deem the attempted service upon Defendants complete. The letter states that it is the decision of the foreign judge to determine the effect of service when a defendant refuses to accept the documents. However, the letter to Ms. Ingalls is inconsistent with Chinese law, and therefore, it is also inconsistent with the Hague Convention. Further, other courts have given a Central Authority's certificate of service great weight. *See Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1390 (8th Cir. 1995) ("The Spanish Central Authority's return of a completed certificate of service is prima facie evidence that the Authority's service on [Defendant] was made in compliance with Spanish law."); *Campbell v. Logue*, No. 10-CV-1821-JM-DHB, 2012 WL 3202506, at *1 (S.D. Cal. Aug. 3, 2012) ("[C]ourts generally decline to 'look behind the certificate of service' when the relevant authority of the country effecting service has certified service under their own procedures."). Here, the CCA returned certificates to Samsung, noting, "the document has not been served." Thus, Defendants were not properly served.

The second method allows for service to be effected by specific instructions from the plaintiff. Samsung had the option to request that the CCA leave the documents with Defendants, or deliver the documents in any other reasonable and compatible manner. The instructions for such a request are readily available on the Hague Conference website, along with all other pertinent information regarding the CCA. For example, in the Frequently Asked Questions section, Question 12 asks, "Is personal service or service by leaving the documents with the recipient available in China?" The Hague Conference on Private International Law website, "Authorities," www.hcch.net (last visited Sept. 22, 2014). The response states, "Yes. According to the Chinese Civil Procedure Law, personal service or service by leaving the documents with the recipient is possible. But the Forwarding Party should clearly state that under Option a) of the Request Form if it requires so." *Id.* Samsung did not comply with the requirements effecting service by this second method because Samsung did not clearly state under Option A to leave the documents, nor did Samsung provide any other instructions on how delivery should be effected.

Finally, a default judgment is not proper because Defendants were not served in a manner prescribed by Chinese law, nor were the documents actually delivered to Defendants like Plaintiff suggests. The very essence of the term "delivery" indicates a transfer. *Black's Law Dictionary* 494 (9th ed. 2009) ("The thing so transferred or conveyed."). Considering both Chinese and Federal law on service, both rules accept service as complete when documents have been left with the party to be served. *See* Fed. R. Civ. Pro. 4(e)(2); Wei Luo, *The Civil Procedure Law and Court Rules of the People's Republic of China* 62 (2006).

When approached by the CCA officer, some person apparently refused to accept the documents. Rather than delivering the summons and complaint, the CCA officer took back the documents and returned them to the CCA office. Thus, no transfer took place. Pursuant to Article 15 of the Hague Convention, this Court has no authority to issue a default judgment at this time.

13cv3105

1    This Court therefore **DENIES** the Motion Requesting Court to Find Defendants
2  Properly Served.

3  **II. Motion to Extend the Temporary Restraining Order**

4    This Court has reviewed the record in this matter.  For the reasons stated in this
5  Court's January 27 Order, this Court determines that Samsung has made the necessary
6  showing required for a TRO, and that a balancing of the relevant factors supports the
7  issuance of an injunction.  The Court further finds that an extension of the TRO is
8  appropriate.  As this Court discussed in its January 27 Order, where a plaintiff is unable
9  to promptly serve a foreign defendant because the only proper means of serving
10 defendants available to plaintiff cannot be completed within the usual deadlines, a
11 court may extend the TRO until proper service can be completed.  For the reasons
12 stated in this Court's January 27 Order, the Court finds that an extension of the TRO
13 is justified.

14   This Court therefore **GRANTS** the Motion to Extend the TRO.  The TRO is
15 **EXTENDED** until **February 2, 2015.**  If Samsung wishes this Court to order an
16 additional extension of the TRO, it must file a motion to extend the TRO.  In its
17 motion, Samsung must update the Court on its efforts to serve Defendants.  Samsung
18 is not required to obtain a hearing date from this Court, but should file any motion to
19 extend the TRO no later than **January 26, 2015**.

20   The provisions of this Court's January 27, 2014 Order pertaining to the
21 requirement that Samsung notify this Court when it is able to serve Defendants and the
22 requirements for the preliminary injunction hearing, remain in full force and effect.

23   **IT IS SO ORDERED**.

26 Dated: _____

HON. ROGER T. BENITEZ
United States District Judge